UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GRACE GUERRERO, et al., | Case No. 2:20-cv-261 |
| v. | |
| LOYAL SOURCE GOVERNMENT SERVICES, LLC | |

**JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

Grace Guerrero ("Plaintiff" or Guerrero) and Loyal Source Government Services, LLC ("Defendant" or "LSG") (collectively, the "Parties") jointly move the Court for approval of their Fair Labor Standards Act ("FLSA") settlement. The settlement is the product of non-collusive, arm's length negotiations by experienced and informed counsel. It is a fair and reasonable resolution of a bona fide dispute. As such, the Parties respectfully request the Court approve the settlement and dismiss the case as outlined in the Settlement Agreement.

1.    RELEVANT BACKGROUND

Plaintiff filed this case against Defendant on January 2, 2020. Plaintiff alleged Defendant failed to pay overtime to its Mid-Level Providers as required by the FLSA. *See* ECF No. 1 ("Complaint"). Defendant filed an Answer denying any violations. *See* ECF No. 21 ("Answer").

In August 2020, the Parties participated in a mediation in Orlando, Florida, which was conducted by experienced collective action mediator Carlos Burruezo of Dispute Solutions Mediation & Arbitration. While no agreement was reached during the mediation, the parties accepted a mediator's proposal following the mediation, which included a Maximum Gross Settlement Amount, exclusive of Defendant's share of payroll taxes on the wage-based component of this Amount and

administrative costs. The terms of the settlement are memorialized in the Settlement Agreement, to be filed under seal.

### A. Maximum Gross Settlement Fund

The Settlement Agreement calls for the settlement of the claims presented in this collective action for a Maximum Gross Settlement Fund. The Gross Settlement Fund covers all federal and state wage and hour claims of Plaintiff and Putative Class Members, all attorneys' fees and costs, and administration costs.  It does not cover employer-side taxes.

### B. Putative Class Members/Claims-Made Settlement

This Settlement covers all Mid-Level Providers employed by LSG who were paid "straight-time-for-overtime" at any time between January 2, 2017, and the present. However, only those Putative Class Members who return executed Consent to Join and Release Forms will participate in the Settlement Fund ("Settlement Class Members").

### C. Release

Pursuant to the Settlement Agreement, **only** Plaintiff and Settlement Class Members will release any claims.  Plaintiff and Settlement Class Members will release any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees (as defined in the Settlement Agreement) relating to compensation, wages, overtime, or benefits under the Fair Labor Standards Act or any other federal, state or local wage and hour law and any other claims related to compensation or unpaid compensation for providing services to LSG, including (a) all claims asserted or that could have been asserted in this lawsuit that arose under the facts alleged and/or applicable federal, state, or local wage and hour laws and regulations; (b) all claims under applicable federal, state, or local laws and regulations for the failure to pay any type of overtime compensation or other wages (including late payments of wages or business expenses, premium pay, restitution, or any other compensation); (c) all claims which arose under any applicable federal, state,

or local laws or regulations for the failure to provide or pay for meal periods and/or rest periods; (d) all claims under applicable federal, state, or local laws or regulations, including but not limited to alleged recordkeeping violations or any other wage payment actions, stemming from or based on the alleged misclassification of an independent contractor or exempt employee; and (e) all claims for penalties, interests, costs, attorneys' fees, or additional damages that allegedly arise from the claims described in (a) through (d) inclusive above under applicable federal, state or local law.

### D. Allocation Formula

Each Putative Class Member's Settlement Award shall be allocated in proportion to the alleged unpaid overtime for the particular Class Member's alleged unpaid overtime to the total amount of alleged unpaid overtime for all Class Members. By way of illustration, if a particular Class Member had alleged unpaid overtime of $1, and the total amount of alleged unpaid overtime for all Class Members was $100, the Class Member's share of the Net Settlement Amount would be 1%.

For income and payroll tax purposes, fifty percent (50%) of each payment made in satisfaction of the stipulated individual Class Members Settlement Amount shall be treated as wages (and subject to required withholdings and deductions and reported as wage  income on a Form W-2 by the Settlement Administrator), and the remaining fifty percent (50%) of each such payment shall be treated as liquidated damages, interest and other non- wage recovery (and shall not be subject to withholdings or deductions and shall be reported    as non-wage income on a Form 1099 by the Settlement Administrator ).

All Settlement Award checks shall remain valid and negotiable for 180 days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. All settlement checks shall be accompanied by a letter stating that the checks are valid and negotiable for only a period of 180 days.

2.   ARGUMENT

   A.  Legal Standard for Settlement Approval of FLSA Claims.

   The Fifth Circuit recognized in *Martin v. Spring Break '83 Productions, L.L.C.* that not every FLSA settlement requires court approval because "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." 688 F.3d 247, 255 (5th Cir. 2012). Other courts in this circuit have reviewed proposed settlement agreements for "fair and reasonable resolution of a bona fide dispute" upon request of the parties. *See Trevino v. Colt Oilfield Services, LLC*, No. 5:18-CV-01304-FB-RBF, 2019 WL 3816302, at *2 (W.D. Tex. May 6, 2019). When evaluating proposed FLSA settlement agreements, Courts in this circuit post-*Martin* continue to use the *Lynn's Food Stores* approach. Under *Lynn's Food Stores*, "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Under *Lynn's Food Stores*, the Court must determine that a settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (citing *Lynn's Food Stores*, 679 F.3d at 1355); *Stanley v. Patriot Inspection Servs., Inc.*, No. 6-20-CV-00283-ADA, 2021 WL 256821, at *1 (W.D. Tex. Jan. 26, 2021)

   The proposed settlement in this case is the product of non-collusive, arm's-length negotiation by experienced and informed counsel and falls well within the range of possible approval as the terms are "fair, reasonable, and adequate." *Lynn's Foods*, 679 F.2d at 1354-55.

   B.  The Settlement Resolves a Bona Fide Dispute

   Plaintiff has alleged that Defendant failed to pay her and other Mid-Level Providers overtime as required by the FLSA and instead paid them "straight-time-for-overtime." Defendant contests both

liability and the amount of damages sought by Plaintiff and the Putative Class Members. As such, it is clear that a bona fide dispute exists between the parties.

### C. The Settlement is Fair and Equitable to All Parties

If the settlement resolves a bona fide dispute, the Court considers if the settlement is fair and equitable to workers. The terms of the settlement demonstrate that the settlement is fair and reasonable. The Settlement Class Members' attorneys have considerable experience settling FLSA cases. The settlement reflects an arms' length compromise of the disputed claims. *See Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008); *Stanley v. Patriot Inspection Servs., Inc.*, No. 6-20-CV-00283-ADA, 2021 WL 256821, at *2 (W.D. Tex. Jan. 26, 2021).

### 3. CONCLUSION

This settlement is the product of an arm's length negotiation between experienced counsel and resolves a bona fide dispute over alleged unpaid overtime wages. The settlement is fair and reasonable, and provides Plaintiffs with substantial monetary relief in light of legal and collection risks should the litigation continue. Accordingly, the Parties jointly and respectfully request that the Court approve: 1) the settlement as fair and reasonable, and 2) the notice plan and notice materials attached to the Settlement Agreement.

Dated:  March 22, 2021

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**
Richard J. (Rex) Burch
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone:      (713) 877-8788
Facsimile:      (713) 877-8065
rburch@brucknerburch.com

Michael Josephson
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050

Houston, Texas 77046
Telephone: (713) 352-1100
Fax: (713) 352-3300
E-mail: info@mybackwages.com

**ATTORNEYS FOR PLAINTIFF**

/s/ *Marc Katz*
Marc Daniel Katz
Texas Bar No. 00791002
M. Todd Mobley
Texas Bar No. 24103322
**DLA PIPER LLP (US)**
1900 North Pearl Street
Suite 2200
Dallas, Texas 75201
Tel. 214.743.4535
Fax 214/743.4545

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On the date stamped above, I served this document via the Court's ECF system.

**/s/ Rex Burch**

_____

Richard J. (Rex) Burch